1  Trevor W. Barrett (SBN 287174)
   tbarrett@donigerlawfirm.com
2  Andrés Navarro (SBN 358499)
   anavarro@donigerlawfirm.com
3  DONIGER / BURROUGHS
4  603 Rose Avenue
   Venice California 9029
5  Telephone: (310) 590-1820
6
7  Attorneys for Plaintiff
8
                   **UNITED STATES DISTRICT COURT**
9
                   **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | KIRK KARA CORP., a California Corporation, | Case No.: |
12 | | |
13 | Plaintiff, | **PLAINTIFF'S COMPLAINT FOR:** |
14 | v. | 1. **COPYRIGHT INFRINGEMENT;** |
15 | | 2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; and** |
16 | ORIENTAL TRADING COMPANY, INC., doing business as "Oriental Trading," a Nebraska Corporation; and DOES 1 through 10, | 3. **VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)** |
17 | | |
18 | Defendants. | **Jury Trial Demanded** |
19

20
21
22
23
24
25
26
27
28

Kirk Kara Corp., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Kirk Kara Corp. ("KIRK KARA" or "Plaintiff"), is a corporation organized and existing under the laws of the State of California with a principal place of business located at 482 North Rosemead Boulevard Suite 103 in Rosemead, California 91107.

5. Defendant Oriental Trading Company, Inc., doing business as "Oriental Trading" ("ORIENTAL"), is a Nebraska corporation with its principal place of business at 5455 South 90th Street in Omaha, Nebraska 68127 and does business in and with the United States, the state of California, and this District.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 (collectively with ORIENTAL, "DEFENDANTS"), inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTUAL BACKGROUND

8. KIRK KARA is a family-owned and operated company that has been designing and selling engagement rings and fine jewelry since 1890. Favoring artisan and old-world design over mass production, KIRK KARA prides itself on offering meticulously handcrafted jewelry made with the highest quality metals and gems, a practice that has helped it grow its reputation as one of the nation's most respected artisan jewelry companies.

9. KIRK KARA's products are sold in hundreds of points of distribution, including, but not limited to, KIRK KARA's website, *www.kirkkara.com*, small jewelry stores, and major jewelry retailers such as Jared, Robbins Brothers, and Diamonds Direct.

10. ORIENTAL is an online retailer which sells its products through its website, *www.orientaltrading.com*, subsidiaries, and websites such as Amazon and Walmart.

## CLAIMS RELATED TO THE SUBJECT DESIGN

11. KIRK KARA is the creator and owner of an original sculptural work of art, entitled "Charlotte 6685 R," which was duly registered under registration number VA 1-309-852 ("Subject Design").

12. KIRK KARA is informed and believes and thereon alleges that following its distribution of Subject Design, ORIENTAL purchased, distributed,

advertised, and/or sold rings featuring designs which are substantially similar, if not virtually identical, to Subject Design without KIRK KARA'S authorization ("Offending Product").

13. Offending Product includes but is not limited to the products sold by ORIENTAL under the name "14228231-J Goodin Sapphire Bezel Eternity Band" online at *https://www.orientaltrading.com/j-goodin-sapphire-bezel-eternity-band-size-8-a2-14228231.fltr*.

14. Specifically, and without limitation, Offending Product is a mirror image of a substantial portion of the Subject Design. Exemplars of the Subject Design and Offending Product are below:

**Subject Design:**



**Offending Product:**

15. As demonstrated above, in creating and selling the Offending Product, ORIENTAL infringed upon KIRK KARA's copyright by virtually replicating the setting, stone arrangements, ornamental motifs, and other portions of the Subject Design without authorization, consent, or license from KIRK KARA.

16. On May 21, 2024, KIRK KARA notified ORIENTAL of its copyright infringement by sending it a Cease-and-Desist letter to resolve the dispute. ORIENTAL, however, has not responded to the letter as of the filing of this Complaint and continues to sell the Offending Product online, necessitating the instant action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

17. KIRK KARA repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

18. KIRK KARA alleges that Defendants accessed the Subject Design by without limitation, viewing, and/or purchasing the Subject Design.

19. KIRK KARA alleges on information and belief that Defendants copied, reproduced, displayed, and distributed the Offending Products to consumers.

20. KIRK KARA alleges on information and belief that Defendants infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Design and distributed the same to the public.

21. KIRK KARA is informed and believes and thereon alleges that one or more of the Doe Defendants manufactures jewelry. KIRK KARA is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with retailers, and each of them, and supplied jewelry to said retailers, which products infringed the Subject Design in that said jewelry was identical or substantially similar to the Subject Design, or was an illegal modification thereof.

22. Due to Defendants' acts of infringement, KIRK KARA has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of KIRK KARA's rights in the Subject Design. As such, KIRK KARA is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of KIRK KARA's rights in the Subject Design in an amount to be established at trial. KIRK KARA further alleges that Defendant has committed copyright infringement with actual knowledge or reckless disregard of KIRK KARA's rights, as evidenced by its continued sales of the Offending Product after receiving the Cease-and-Desist letter, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

24. KIRK KARA repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. KIRK KARA is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Design as alleged herein including, but not limited to, the Offending Product.

26. KIRK KARA is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

27. By reason of the Defendants' and each of their, acts of contributory and vicarious infringement as alleged above, KIRK KARA has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

28. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, KIRK KARA is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

29. KIRK KARA is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as

alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202—Against all Defendants, and Each))

30. KIRK KARA repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

31. KIRK KARA is informed and believes and now alleges that the Subject Design contained Content Management Information ("CMI"), including but not limited to text, identifying KIRK KARA as the author and owner of the designs and its copyrights. One such example of KIRK KARA's CMI is set forth below



32. KIRK KARA is informed and believes and now alleges that Defendants, in their production, distribution, sale, and marketing of the Offending Product, violated 17 U.S.C. §1202 by intentionally removing and/or altering the CMI attached to KIRK KARA's design and then by distributing the Offending Product with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law. None of the materials, physical

or digital, distributed by Defendants identify KIRK KARA as the author of the Offending Product.

33. KIRK KARA is informed and believes and now alleges that Defendants distributed and sold the Offending Product knowing that they had mislabeled and/or fraudulently included improper CMI, knowing that the CMI had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

34. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

35. KIRK KARA is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and KIRK KARA resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiff's copyrights in its designs;

c. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected

before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 5, 2025                    DONIGER/BURROUGHS

                                                  By:   /s/ *Trevor W. Barrett*
Trevor W. Barrett, Esq.
Andrés Navarro, Esq.
Attorneys for Plaintiff